# IN THE COURT OF APPEALS OF IOWA

No. 15-1585
Filed November 9, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JAMES ROBERT DOWNEY,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Johnson County, Douglas S. Russell, Judge.

James Downey appeals his conviction for making a false statement on an application to acquire a weapons permit. **AFFIRMED.**

Robert G. Rehkemper of Gourley, Rehkemper & Lindholm, P.L.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., Vaitheswaran, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**VAITHESWARAN, Judge.**

James Downey appeals his conviction for making a false statement on an application to acquire a weapons permit. He challenges the sufficiency of the evidence underlying the district court's fact findings.

The district court required the State to prove the following elements of the crime:

> (1) The identification of the Defendant as the person who committed the offense.
> (2) The offense occurred in Johnson County, Iowa.
> (3) The offense occurred on January 14, 2015.
> (4) The Defendant knowingly made a false statement of material fact on an application for an annual permit to acquire pistols or revolvers submitted pursuant to section 724.17,[1] the Code; or
> (5) The Defendant knowingly submitted any materially falsified or forged document in connection with the application.

The question on which the charge was premised was as follows, "Have you ever been convicted in any court of a felony, or any other crime involving a

---

[1] Iowa Code section 724.17 (2015) states:

> The application for an annual permit to acquire pistols or revolvers may be made to the sheriff of the county of the applicant's residence and shall be on a form prescribed and published by the commissioner of public safety. The application shall require only the full name of the applicant, the driver's license or nonoperator's identification card number of the applicant, the residence of the applicant, and the date and place of birth of the applicant. The applicant shall also display an identification card that bears a distinguishing number assigned to the cardholder, the full name, date of birth, sex, residence address, and brief description and colored photograph of the cardholder, or other identification as specified by rule of the department of public safety. The sheriff shall conduct a criminal history check concerning each applicant by obtaining criminal history data from the department of public safety which shall include an inquiry of the national instant criminal background check system maintained by the federal bureau of investigation or any successor agency. A person who makes what the person knows to be a false statement of material fact on an application submitted under this section or who submits what the person knows to be any materially falsified or forged documentation in connection with such an application commits a class "D" felony.

firearm or explosives for which the court could have sentenced you to imprisonment for more than one year, even if you received a shorter sentence including probation?" Downey answered "No." His answer was inaccurate—he stipulated that he was previously convicted of operating a motor vehicle while intoxicated, third offense, a class "D" felony. An application cannot be approved if the applicant has a prior felony conviction. *See* Iowa Code §§ 724.15(1)(b), 724.26(1).

Downey contends there was insufficient evidence to establish (A) he was the same person as the applicant, (B) his answer was statutorily required, (C) his answer was a false statement of material fact, and (D) he knowingly made a false statement. The district court's fact findings bind us if supported by substantial evidence. *State v. Taylor*, 689 N.W.2d 116, 130 (Iowa 2004).

*A.    Identity*

The district court found that Downey was one and the same person as the person identified in the application for a firearms permit. This finding is supported by substantial evidence. Specifically, a captain with the Johnson County Sheriff's Office testified he called Downey after receiving the permit application and confirmed that Downey was the person who completed the application. *See State v. Kardell*, No. 09-1859, 2011 WL 441961, at *8 (Iowa Ct. App. Feb. 9, 2011) ("While 'proof of the identity of the person who committed the offense is essential to a conviction . . . identification may be established and inferred from all of the facts and circumstances in evidence.'" (quoting *Butler v. United States*, 317 F.2d 249, 254 (8th Cir. 1963)).

*B. Information Required by Iowa Code section 724.17*

Downey contends his answer to the question quoted above was not part of the statutorily-required application. He cites the first part of section 724.17, which provides, "The application shall require *only* the full name of the applicant, the driver's license or nonoperator's identification card number of the applicant, the residence of the applicant, and the date and place of birth of the applicant." (Emphasis added.) We need not reach this issue because, as the State points out, even if the question is not statutorily authorized, section 724.17 criminalizes the submission of "what the person knows to be a false statement of material fact on an application." In keeping with this language, the application required Downey to make the following certification:

> I certify that all information, including supporting documentation, provided in this application is true and correct, and I understand that I may be convicted of a class "D" felony pursuant to Iowa Code section 724.17 if I make what I know to be a false statement of material fact on this application or if I submit what I know to be any materially falsified or forged documentation in connection with this application.

Downey's signature appeared beneath this certification. We proceed to Downey's third challenge.

*C. False Statement of Material Fact*

Question two asked, in part, whether Downey had "ever been convicted in any court of a felony." Downey told the captain he had a felony on his record and he should have answered "Yes" to the question. He also stipulated to a prior felony. Accordingly, Downey is hard-pressed to argue his answer was anything but false.

Downey instead focuses on the materiality element, reprising his contention that the question lacked statutory authorization and, for that reason, could not be material. He argues the statutorily-required information he provided was sufficient to complete a background check and the check would have disclosed his prior felony conviction, rendering the answer to question two irrelevant. The district court rejected this argument, reasoning as follows, "It is clearly a material fact whether the applicant was a felon because it is decisive in disqualifying an applicant for the permit. If he is a convicted felon, the fact the background check would have disclosed the felony conviction whether Defendant answered 'Yes' or 'No' makes no difference."

We agree. Even if the question was not statutorily authorized, the answer to the question was essential to approval of the application. *See* Material Fact, *Black's Law Dictionary* (7th ed. 1999) (defining "material fact" as "[a] fact that is significant or essential to the issue or matter at hand"). Substantial evidence supports the district court's finding of materiality.

### D.     *Knowingly Made a False Statement*

Downey contends the evidence was insufficient to establish he knowingly made a false statement. The district court found otherwise, reasoning that "before he completed the application the Defendant was aware of his OWI conviction, was aware it was a felony, and was aware that answering 'No' to question two was a false statement." The court rejected the testimony of two experts who opined that question two was ambiguous. The court stated, "The testimony of Defendant's experts does not raise a reasonable doubt to the Court on the issues of knowledge of the Defendant or the materiality of his answer to

question two on the application for permit to acquire pistols/revolvers." It was the court's prerogative as fact-finder to weigh the evidence in this fashion. *State v. Jacobs*, 607 N.W.2d 679, 685 (Iowa 2000) ("The trial court as trier of fact is not obligated to accept opinion evidence, even from experts, as conclusive."). Substantial evidence supports the finding of knowledge.

In finding substantial evidence, we have considered the recent opinion of *State v. Hoyman*, 863 N.W.2d 1, 8-17 (Iowa 2015), in which the court examined the knowledge element in our fraudulent practices statute. *See* Iowa Code § 714.8(4). That statute criminalizes the making of an entry in a public or business record "knowing the same to be false." *Id.* The court read an intent-to-deceive requirement into the statute, reasoning that "if we interpreted section 714.8(4) as criminalizing any knowingly incorrect entry in a public record, regardless of its significance or insignificance and regardless of whether the maker of the entry intended to deceive anyone, its scope would be breathtakingly broad." *Hoyman*, 863 N.W.2d at 13. Downey suggests we should similarly construe the term "knowingly" more narrowly. But the legislature did so by including a materiality element. This element effectively limits the breadth of the knowledge requirement in section 724.17.

Because substantial evidence supports the district court's fact findings, we affirm Downey's conviction, judgment, and sentence for making a false statement on a weapons permit application.

**AFFIRMED.**